# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRIAN G. McGOWAN

        Plaintiff,

v.                                               Civil No. 03-1284 WJ/LFG

PAUL REDMOND,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed November 21, 2003 **(Doc. 6)**. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and will be granted.

### Background

On September 15, 2003, Brian McGowan filed a Petition for Order to Show Cause ("Petition") in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The petition challenges the enforceability of a foreign judgment granted to Defendant Redmond against Plaintiff McGowan in the United States Bankruptcy Court for the Northern District of Illinois. Among the state court documents is a transcript of judgment in the amount of $100,000.00 owed to Paul Redmond as Judgment Creditor by Brian G. McGowan as Judgment Debtor, which is signed by the Deputy Clerk for the United States Bankruptcy Court for the District of New Mexico.  Ex. A to Petition For Order to Show Cause.

In the petition, Mr. McGowan's challenges the validity of the judgment on the basis that

Mr. Redmond did not comply with the Foreign Judgment Act, N.M.S.A. § 39-4A-4, which requires that certain procedures take place before full faith and credit can be given to judgments of another court. McGowan challenges the validity of the judgment on the basis that Mr. Redmond filed the Transcript of Judgment with the Bernalillo County Clerk instead of with the Clerk of the United States District Court for the District of New Mexico, in violation of the Foreign Judgment Act.[1] The petition argues that the lien is therefore invalid and unenforceable.

## Discussion

Under 28 U.S.C. §Section 1331(a), United States District Courts have original jurisdiction of every civil action that "arises under the Constitution, the law, or treaties of the United States." A claim arises under federal law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim. See Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808-09 (1986). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint

---

[1] Section 39-4A-3 governs the filing and status of foreign judgments:

A. A copy of any foreign judgment authenticated in accordance with an act of congress or the statutes of this state may be filed in the office of the clerk of the district court of any county of this state in which the judgment debtor resides or has any property or property rights subject to execution, foreclosure, attachment or garnishment. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state. A judgment so filed shall have the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, staying, enforcing or satisfying as a judgment of the district court of this state and may be enforced or satisfied in like manner, except as provided in Subsection B of this section.

At the time the judgment is filed, notice is given to the judgment debtor of the filing of the foreign judgment. § 39-4A-4.

rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987).

Defendant relies on 28 U.S.C. §§ 1962 and 1963 as bases for removal, contending that Plaintiff's right to relief depends on a substantial question of federal law. While §§ 1962 and 1963 can be described as the federal counterparts to N.M.S.A. § 48-1A-3, they are alternatives to the state law procedure ("The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments." 28 U.S.C. § 1963). The New Mexico statutes appear to apply to foreign judgments issued by federal courts as well as by state courts. See N.M.S.A. § 39-4A-3 ("A copy of any foreign judgment authenticated in accordance with an *act of congress or the statutes of this state* may be filed in the office of the clerk of the district court of any county of this state in which the judgment debtor resides. . . ."(emphasis added). Even if this were not so, as courts of general jurisdiction, state courts are authorized to address federal laws. See. Calif. v. Grace Brethren Church, 457 US 393, 417 (1982); Daniels Ins. Agency v Jordan, 99 N.M. 297, 299 (1982) (constitutional grant of "original jurisdiction" means the district courts are courts of general jurisdiction).

Defendant's argument boils down to the argument that Plaintiff *could have* asserted a basis for federal question.[2] However, only state court actions that originally could have been filed

---

[2] Defendant's reference to a District of New Mexico case, U.S. v. Morris, does not advance its position, since the case actually legitimizes Plaintiff's use of state law procedures to enforce the judgment. See, 754 F. Supp. 185, 186 (D.N.M.,1991)("Federal court's judgment execution powers are limited to those available under *state law in district* in which court sits") (emphasis added) (citing to Fed.R.Civ.P. 69). Of course, whether Plaintiff correctly followed the state procedure goes to the merits which the state district court will address.

in federal court may be removed to federal court by the defendant.  Caterpillar, 482 U.S. at 392.  As mentioned previously, the "well-pleaded complaint" rule generally requires that the federal question appear on the face of the plaintiff's properly pleaded complaint.  Caterpillar, 482 at 392.  In this case, the petition which was initially filed in state court does not assert any basis for federal question jurisdiction.  The petition refers only to N.M.S.A.§ 48-1A-3, which defines a "non-consensual common-law lien."[3]  The affidavit accompanying the petition, signed by Plaintiff's counsel, cites only to N.M.S.A. § 39-4A-1.  If it was Plaintiff's decision to avoid federal jurisdiction by invoking state statutes instead of federal law, Defendant cannot contest that decision, since the plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (citing Caterpillar, 482 U.S. at 393).  Accordingly, the case will be remanded to state court.

**Attorney Fees**

Plaintiff also seeks reimbursement of fees and costs connected with the expenses incurred obtaining remand.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c); Wakefield v. Olcott, 983 F.Supp. 1018, 1021-22 (D.Kan. 1997).  Such an award is discretionary with the Court, and bad faith need not be shown.  Although removal was not proper, I find that the existence of parallel federal and state statutes posed a somewhat novel approach to the issue, persuading me that the imposition of costs and fees against the Defendant is not warranted.  Therefore, Plaintiff's request for fees and costs is DENIED.

---

[3] The Lien Protection Efficiency Act, § 48-1A-1 et seq., authorizes the remedy of striking certain non-consensual liens.  Whether or not the transcript of judgment purports to create this type of lien is not relevant to the issue of remand, which is the sole issue before this Court.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand **(Doc. 6)** is hereby GRANTED IN PART and DENIED IN PART.  Plaintiff's motion to remand the case is hereby GRANTED in that the above-captioned case is hereby REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico.  Plaintiff's request for fees and costs incurred in obtaining remand is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE